FILED
2017 Jul-12 PM 02:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **DON MITCHELL WILBORN,** ) | |
| ) | |
| **Pro Se Plaintiff,** ) | |
| ) | |
| v. ) | **Civil Action No.:** |
| ) | **4:16-CV-106-VEH** |
| **ROBERT B. TUTEN, et al,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION

The record reflects that, on August 5, 2016, the magistrate notified the Plaintiff that the face of his Complaint was insufficient to meet his burden to establish federal question or diversity jurisdiction. (Doc. 16). The magistrate gave the Plaintiff thirty (30) days to show cause why his Complaint should not be dismissed for lack of subject matter jurisdiction. (*Id*. at 3). The plaintiff filed a First Amended Complaint on August 17, 2016. (Doc. 17). That document is now the operative complaint. Additionally, on September 2, 2016, the Plaintiff filed a response to the Order To Show Cause. (Doc. 19). Thereafter, he filed three untimely responses. (Docs. 20, 21, and 22).[1] On May 9, 2017, in an extensive order, the magistrate demonstrated that this Court lacks subject matter jurisdiction over this action and determined that it was due to be dismissed without prejudice. (Doc. 23). Thereafter, the case was reassigned

---

[1] These responses were still considered by the magistrate. *See* doc. 23 at 6-7.

to the undersigned.

On May 22, 2017, this Court agreed with the magistrate that this Court did not have subject matter jurisdiction over this case and dismissed this case without prejudice. (Docs. 27, 28). Thereafter, the Plaintiff filed a "Motion To Vacate Memorandum Opinion and Final Order" (doc. 29) in which he stated that "[a] copy of the magistrate judge's [Report and Recommendation ("R & R")] has **NOT** ever been provided to Mr. Wilborn. As such, Mr. Wilborn has **NOT** ever been provided an opportunity to file written objections to the magistrate judge's R & R[.]" (Doc. 29 at 1). The Court then entered the following order:

> [B]ecause the Plaintiff states that he never saw the magistrate's Order, the motion to vacate is hereby **GRANTED**. The Court's memorandum opinion (doc. 27) and Order dismissing this case (doc. 28) are hereby **VACATED**.
>
> The clerk of court is **DIRECTED** to reopen this case. **The Plaintiff may file any response to the magistrate's Order (doc. 23) no later than June 22, 2017.**

(Doc. 30 at 2).

On June 26, 2017, the Court issued a Memorandum Opinion which noted the procedural history above, and noted that the Plaintiff had filed nothing since the Court's last order. The court then stated:

> The Court has, again, reviewed the entire file in this case, *de novo*, and agrees with the magistrate that the Plaintiff has failed to

establish that this Court has subject jurisdiction over this matter. The magistrate's Order of May 9, 2017, is **ADOPTED** as the opinion of this Court. By separate order, this matter will be **DISMISSED** without prejudice.

(Doc. 31 at 2). That same day, the Court issued a dismissal order. (Doc. 32).

On June 28, 2017, the Plaintiff filed a document entitled "Motion for Leave To File Request To Supplement Response to Order to Show Cause out of Time, and Request To Supplement Response to Order to Show Cause." (Doc. 33) (hereinafter "the Motion for Leave to Supplement"). That document bears a certificate of service stating that it was deposited in the prison mailbox on June 21, 2017, which would have been the day before any response to the Court's previous Order was due. On June 28, 2017, the Plaintiff also filed an "Objection" to the magistrate judge's Order. (Doc. 34). The certificate of service for that document also states that it was placed into the prison mailbox on June 21, 2017. Although not filed into the record until June 28, 2017, they are deemed to have been filed on June 21, 2017, the day "he delivered the [documents] to prison authorities for forwarding to the District Court." *Houston v. Lack*, 487 U.S. 266, 270, 108 S. Ct. 2379, 2382, 101 L. Ed. 2d 245 (1988); *see also*, *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) ("Under the prison mailbox rule, a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing."). Because these filings are deemed

3

timely filed, they should have been considered by this Court prior to the entry of the Memorandum Opinion and the Order on June 26, 2017. Because they were not, the Court's Memorandum Opinion (doc. 31) and Order (doc. 32) issued on June 26, 2017, are hereby **VACATED**.

In his Motion for Leave To Supplement, the Plaintiff "requests that the documents filed on January 9, March 8, and April 19, 2017, (ECF Nos. 20-22), be accepted for consideration as part of his timely-filed response to the Order to Show Cause, (ECF No. 19)." (Doc. 33 at 2). That motion is **GRANTED**. Further, the Court notes that the magistrate's Order clearly <u>did</u> consider the documents in question, despite their untimeliness. (Doc. 23 at 6-7). The Court also considered them when it entered its two previous rulings on this issue (which have now been vacated). It has considered them again in this opinion and continues to agree with, and **ADOPTS** as the opinion of this Court, the magistrate's conclusions as to those documents.

Further, the Court has, again, reviewed *de novo* the entire file, including the magistrate's order and the objections and other documents submitted by the Plaintiff. The Court concludes that the Plaintiff's objections are due to be, and hereby are **OVERRULED**. Further, once again, the magistrate's Order (doc. 23) is due to be, and hereby is, **ADOPTED** as the opinion of this Court. The Court **EXPRESSLY**

finds that the Plaintiff has failed to establish that this Court has jurisdiction over this matter. This case will be **DISMISSED** by a separate order.

**DONE** and **ORDERED** this 12th day of July, 2017.

*[signature]*

**VIRGINIA EMERSON HOPKINS**
United States District Judge